**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 99-4881

BRYANT REGINALD HUDSON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-99-113-DWS)

Submitted: July 13, 2000

Decided: July 21, 2000

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jack B. Swerling, Columbia, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Jane B. Taylor, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bryant Reginald Hudson appeals from his criminal conviction for conspiracy to possess crack cocaine with the intent to distribute the same. He raises only one issue on appeal: that the district court erred in applying a four-level enhancement to his offense level for his role in the offense under U.S. Sentencing Guidelines Manual § 3B1.1(a) (1998).

Under § 3B1.1(a), a defendant's offense level should be increased four levels if the Government proves by a preponderance of the evidence that: (1) the defendant is an organizer or leader; and (2) the criminal activity involves five or more people or is otherwise extensive. A determination by the district court under§ 3B1.1 is essentially factual and is therefore subject to the clearly erroneous standard of review. See United States v. Sheffer, 896 F.2d 842, 846 (4th Cir. 1990); see also United States v. Paz, 927 F.2d 176, 180 (4th Cir. 1991). Review of the record under this standard leads us to agree with the district court's decision.

Hudson conceded below that five or more participants were involved in the conspiracy forming his offense of conviction. Thus, he satisfies the second element of the enhancement. Addressing the first element, relevant factors include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1, comment. (n.4). The record shows that Hudson, a South Carolina police officer, recruited at least two individuals into the conspiracy after first testing their ability to sell cocaine he provided to them. Moreover, Hudson gave specific instructions to at least

2

one of these individuals, dictating how communications should be conducted, how cocaine should be retrieved, and how much Hudson expected the seller to receive for the provided drugs. Notably, Hudson received a larger share of the profits from these sales.

Hudson also escorted some of his co-conspirators about the county and showed them where various law enforcement officers lived. On occasion, he also advised his co-conspirators as to police activities, revealing the identities of police informants and forewarning them of D.E.A. raids. We find these facts sufficient to support the district court's determination that Hudson was an organizer or leader of the conspiracy, and reject Hudson's argument that his conduct was essentially no more than that of a supplier.

We therefore affirm Hudson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3